UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

IN ADMIRALITY

CASE NO.:

DANIELYS HERNANDEZ,

     Plaintiff,

v.

MB YACHTS, LLC., a Florida Corporation
d/b/a "MB RENTAL, LLC.", as demise
charterer and *owner pro hac vice* of a *M/Y IRIS,*
Meridian Yacht, Model 451 Sedan, dual
diesel engines, tackle, appurtenances*, et. al.*
ARDALAN MEHR JOUEI, Individually and
in his capacity as Manager of MB YACHTS,
LLC, and MB RENTAL, LLC., and
SUGRA BAGHIROVA, Individually, and
in her capacity as Manager of MB YACHTS,
LLC, and MB RENTAL, LLC.,
XYZ DEFENDANT(S), vessel owner of
*M/Y IRIS,* Meridian Yacht, Model 451 Sedan,
Dual diesel engines, tackle, appurtenances, *et. al.,*
GRAND BEACH HOSPITALITY GROUP,
a Foreign Corporation d/b/a GRAND BEACH
HOTEL, *In Personam,*

*M/Y IRIS,* Meridian Yacht, Model 451 Sedan,
Her engines, tackle, appurtenances, *et. al.,*
*In Rem*

     Defendants.

_____/

## SEAMAN'S COMPLAINT AND *IN REM* ACTION FOR MAINTENANCE & CURE

    **COMES NOW**, the Plaintiff, DANIELYS HERNANDEZ (hereinafter "HERNANDEZ",

"SEAFARER" or "SEAMAN"), by and through undersigned counsel, hereby files her Seaman's

Complaint and sues the Defendants, MB YACHTS, LLC, a Florida Corporation d/b/a "MB

RENTAL, LLC", as demise charterer and *owner pro hac vice* of *M/Y IRIS*, Meridian Yacht Model 451 Sedan with dual diesel engines, tackle, appurtenances, etc., ARDALAN MEHR JOUEI, Individually and in his capacity as Manager of MB YACHTS, LLC. and MB RENTAL, LLC., SUGRA BAGHIROVA, Individually, and in her capacity as Manager of MB YACHTS, LLC. and MB RENTAL, LLC., XYZ DEFENDANT(S) as vessel owner of *M/Y IRIS*, Meridian Yacht Model 451 Sedan, with dual diesel engines, tackle, appurtenances, *et. al.,* GRAND BEACH HOSPITALITY GROUP, a Foreign Corporation d/b/a GRAND BEACH HOTEL, *In Personam*, and *M/Y IRIS*, Meridian Yacht Model 451 Sedan, with dual diesel engines, tackle, appurtenances, *et. al., In Rem*, and in support states as follows:

## PRELIMINARY ALLEGATIONS

### I.  JURISDICTION & VENUE

1.      This is an admiralty and maritime cause of action arising under the Jones Act, 46 U.S.C. § 30104, and the General Maritime Laws of the United States, including the governing laws of maintenance and cure and unseaworthiness against the charterer, agent, owner, operator and owner *pro hac vice* of a vessel, *M/Y IRIS* for breach of their respected nondelegable duties owed to Seafarer and her injuries incurred while in the service of the subject vessel.

2.      Jurisdiction is vested in this U.S. District Court pursuant to the "savings-to-suitors" clause, 28 U.S.C. § 1331 (1), and the General Maritime laws of the U.S.

4.      The matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. 1332. In the alternative, if diversity jurisdiction does not apply, then this matter falls under the admiralty and maritime jurisdiction of this Court under 28 U.S.C. 1333 and pursuant to Article III, Section 2 of the U.S. Constitution.

5.      Plaintiff, DANIELYS HERNANDEZ's Complaint *In Rem* against *M/Y IRIS*, is in accordance with Rule C of the Supplemental Admiralty and Maritime Rules, and submits this Verified Complaint and hereby sues the *M/Y IRIS*, Meridian Yacht Model 451 Sedan, her engines, tackle, rigging, dinghies, equipment, furniture, appurtenances, *etc.*

6.      This Honorable Court can freely exercise personal jurisdiction over Defendants, MB YACHTS, LLC, ARDALAN MEHR JOUEI, SUGRA BAGHIROVA, GARCIA, XYZ DEFENDANT(S), GRAND BEACH HOSPITALITY GROUP and/or *In Rem* against *M/Y IRIS*, the subject vessel, who at all times material hereto, personally, and/or through its agents:

   a.   Operated, conducted, transacted, engaged in, or carried on a business venture in the State of Florida, or has an office or agency in this State and/or Miami-Dade County;

   b.   Was engaged in substantial activity within the State of Florida;

   c.   Operated vessels in the navigable waters of the State of Florida;

   d.   Contracted to supply services or things in whole, or in part in the State of Florida;

   e.   Committed one or more of the acts stated in Florida Statutes, Section 48.081, 48.181, or 48.193; and

   f.   The acts of Defendants as set forth in this Complaint is whole or in part of this county and/or state.

## II. <u>PARTIES</u>

7.      Plaintiff, HERNANDEZ is a resident and/or citizen of the State of Florida, and was hired as a seaman, and a crew member aboard the *M/Y IRIS*.

8.      At all times material hereto, Plaintiff, HERNANDEZ prior to the events of April 20, 2002 was a young, healthy and able body woman and/or seafarer.

9.      At all times material hereto, Plaintiff, HERNANDEZ was a Jones Act Seaman and was in the service of the vessel on April 20, 2022.

10.     At all times material hereto, on April 20, 2022, Plaintiff, HERNANDEZ worked aboard the *M/Y IRIS* as a Yacht Mate, which required her to assist in the vessel's navigation and mooring.

11.     Plaintiff, HERNANDEZ while in the service of the subject vessel and performing her duties as a Yacht Mate aboard the subject vessel was severely injured, permanently disfigured, and permanently maimed, including but not limited to the loss of her fingers.

12.     At all times material hereto, Defendant, MB YACHTS, LLC, a Florida Corporation d/b/a MB RENTAL, LLC, was the demise charterer and/or *owner pro hac vice* of *M/Y IRIS*, Meridian Yacht Model 451 Sedan with dual diesel engines, tackle, appurtenances, etc.

13.     At all times material hereto, Defendant, ARDALAN MEHR JOUEI, Individually and in his capacity as Manager of MB YACHTS, LLC. and MB RENTAL, LLC., was the demise charterer and/or *owner pro hac vice* of *M/Y IRIS*, Meridian Yacht Model 451 Sedan with dual diesel engines, tackle, appurtenances, *et.al.*

14.     At all times material hereto, Defendant, SUGRA BAGHIROVA, Individually and in his capacity as Manager of MB YACHTS, LLC. and MB RENTAL, LLC., was the demise charterer and/or *owner pro hac vice* of *M/Y IRIS*, Meridian Yacht Model 451 Sedan with dual diesel engines, tackle, appurtenances, etc.

15.     At all times material hereto, Defendants, MB YACHTS, LLC, ARDALAN MEHR JOUEI, and SUGRA BAGHIROVA were agents of XYZ DEFENDANT(S) the registered owner of the vessel *M/Y IRIS*.

16.     Defendant, XYZ DEFENDANT(S) is included to represent the owner(s) of the subject "*M/Y IRIS*, Meridian Yacht Model 451 Sedan with dual diesel engines, tackle, appurtenances, *et.al.*, insofar as such individuals and/or entities have a different name than the

name Defendants herein. Plaintiff has repeatedly sought the legal name(s) of the owner(s) and/or operator(s) of the *M/Y IRIS*, Meridian Yacht Model 451 Sedan with dual diesel engines, tackle, appurtenances, *et.al.* but said has not been furnished to Plaintiff or her counsel of record.

17.    Defendant, XYZ DEFENDANT(S) is also used in a plural form, in the event that discovery reveals that multiple individuals or entities, other than those named Defendants contributed to the ownership, operation, and/or management of the subject motor vessel, at which time the legal names of those individuals or entities shall be substituted for XYZ DEFENDANT(S).

18.    At all times material hereto, Defendant, XYZ DEFENDANT(S), was the registered vessel owner of *M/Y IRIS*, Meridian Yacht Model 451 Sedan, with dual diesel engines, tackle, appurtenances, *et.al.*, located in this Court's jurisdiction and registered in the State of Florida.

19.    At all times material hereto, Defendant, XYZ DEFENDANT(S), retained the services of its agents Defendants, MB YACHTS, LLC, d/b/a MB RENTAL, LLC, ARDALAN MEHR JOUEI, and SUGRA BAGHIROVA to operate, manage, maintain, charter and/or control the subject vessel.

20.    At all times material hereto, Defendants, MB YACHTS, LLC, ARDALAN MEHR JOUEI, SUGRA BAGHIROVA, and XYZ DEFENDANT(S) owned, operated, managed, maintained and/or controlled the vessel *M/Y IRIS*.

21.    At all times material hereto, Defendants, MB YACHTS, LLC, ARDALAN MEHR JOUEI, SUGRA BAGHIROVA, and XYZ DEFENDANT(S) were Plaintiff, HERNANDEZ's Jones Act employer and/or borrowed Jones Act employer.

22.     At all times material hereto, on or about April 20, 2022, Defendants, MB YACHTS, LLC, MB RENTAL, LLC., ARDALAN MEHR JOUEI, SUGRA BAGHIROVA, and/or XYZ DEFENDANT(S) hired, selected, and/or entrusted the services of a twenty (20) year old vessel captain, ANDY GARCIA to operate, manage, navigate, and dock the *M/Y IRIS*.

23.     At all times material hereto, Defendant, GRAND BEACH HOSPITALITY GROUP, was a Foreign Corporation doing business in Florida in the operation of the GRAND BEACH HOTEL, with its principal place of business is 4835 COLLINS AVENUE, MIAMI BEACH, FLORIDA 33140.

24.      At all times material hereto, Defendant, GRAND BEACH HOSPITALITY GROUP operated a joint venture with Defendants, MB YACHTS, LLC, d/b/a MB RENTAL, LLC, ARDALAN MEHR JOUEI, SUGRA BAGHIROVA, and/or XYZ DEFENDANT(S) to operate, manage, maintain, charter and/or control the subject vessel on its property, including its dock and slip.

## FACTS APPLICABLE TO ALL COUNTS

25.     At all times material hereto, Defendants, MB YACHTS, LLC, ARDALAN MEHR JOUEI, SUGRA BAGHIROVA, *M/Y IRIS* and/or XYZ DEFENDANT(S) conducted substantial part of its vessel operations in Miami Beach, Florida, U.S.

26.     At all times material hereto, Defendants, MB YACHTS, LLC, ARDALAN MEHR JOUEI, SUGRA BAGHIROVA, M/Y IRIS and/or XYZ DEFENDANT(S) is obligated to comply with the MLC (2006) and all relevant U.S. maritime regulations.

27.     At all times material hereto, Defendants, MB YACHTS, LLC, ARDALAN MEHR JOUEI, SUGRA BAGHIROVA, and/or XYZ DEFENDANT(S) as shipowner, operator, demise charter and/or the *pro hac vice owner* of the *M/Y IRIS* had a *nondelegable* duty to provide

its crew, including Plaintiff, Seafarer, HERNANDEZ, with a seaworthy vessel and a safe workplace.

28.     At all times material hereto, Defendants, MB YACHTS, LLC, d/b/a MB RENTAL, LLC. ARDALAN MEHR JOUEI, SUGRA BAGHIROVA, and/or XYZ DEFENDANT(S) as shipowner, operator, demise charter and/or the *pro hac vice owner* of the *M/Y IRIS* breached their respected duties owed to Plaintiff, seaman, in part for failing:

      a.  to provide enough seafarers to complete tasks assigned,

      b.  to provide adequate maritime safety training,

      c.  to provide seafarer's a safe workplace,

      d.  to provide competent vessel Captain and/or competent crew,

      e.  to provide a seaworthy vessel,

      f.  to provide any safety policies, protocols or operational safeguards to ensure safe navigation and operation of the subject vessel,

      g.  to provide injured Plaintiff with proper maintenance and cure benefits, and

      h.  for egregiously abandoning Plaintiff, the injured seaman, without maintenance and cure benefits pursuant to U.S. maritime law.

29.     At all times material hereto, Defendants, MB YACHTS, LLC, d/b/a MB RENTAL, LLC. ARDALAN MEHR JOUEI, SUGRA BAGHIROVA, M/Y IRIS and/or XYZ DEFENDANT(S) caused and/or contributed to the injuries, damages, pain and suffering experienced by the Plaintiff.

30.     At all times material hereto, Defendants, MB YACHTS, LLC, ARDALAN MEHR JOUEI, SUGRA BAGHIROVA, and/or XYZ DEFENDANT(S) operated the subject vessel negligently and failed to follow the governing laws related to vessel charters and its safe operations.

31.     At all times material hereto, Defendants, MB YACHTS, LLC, ARDALAN MEHR JOUEI, SUGRA BAGHIROVA, and/or XYZ DEFENDANT(S) failed to have any required safety policies and procedures to ensure compliance with legal and/or operational standards for a safe workplace.

32.     On or about April 19, 2022, Plaintiff, HERNANDEZ was contracted by Defendants, MB YACHTS, LLC, d/b/a MB RENTAL, LLC. ARDALAN MEHR JOUEI, SUGRA BAGHIROVA, and/or XYZ DEFENDANT(S) to serve as a seafarer and member of the *M/Y IRIS* crew.

33.     On or about April 19, 2022, Plaintiff, HERNANDEZ was ordered by Defendants, MB YACHTS, LLC, d/b/a MB RENTAL, LLC. ARDALAN MEHR JOUEI, SUGRA BAGHIROVA, and/or XYZ DEFENDANT(S) to join the subject vessel at the GRAND BEACH HOTEL for an in-person meeting.

34.     On or about April 19, 2022, Plaintiff, HERNANDEZ informed Defendants, MB YACHTS, LLC, ARDALAN MEHR JOUEI, SUGRA BAGHIROVA, and/or XYZ DEFENDANT(S) that she had no maritime education, training, experience, or employment, including serving as crew member aboard a motor yacht.

35.     On or about April 19, 2022, Defendants, MB YACHTS, LLC, ARDALAN MEHR JOUEI, SUGRA BAGHIROVA, and/or XYZ DEFENDANT(S) hired Plaintiff, HERNANDEZ to serve as a *Yacht Mate.*

36.      On or about April 19, 2022, Defendants, MB YACHTS, LLC, ARDALAN MEHR JOUEI, SUGRA BAGHIROVA, and/or XYZ DEFENDANT(S) failed to provide her any maritime education, safety instruction, operational training, mooring instructions, or any guidance of her obligations as a Jones Act *Yacht mate.*

37.     On or about April 19, 2022, Defendants, MB YACHTS, LLC, ARDALAN MEHR JOUEI, SUGRA BAGHIROVA, and/or XYZ DEFENDANT(S) ordered Plaintiff to arrive at the GRAND BEACH HOTEL, who owned and operated the subject vessel's slip the following day morning April 20, 2022.

38.     On or about April 19, 2022, Defendants, MB YACHTS, LLC, ARDALAN MEHR JOUEI, SUGRA BAGHIROVA, and/or XYZ DEFENDANT(S) negligently hired, negligently retained, and negligently entrusted the safety of its vessel, passengers and crew of the subject vessel to ANDY GARCIA an unlicensed and uninsured, twenty (20) year old to serve as Captain of the subject vessel for the April 20, 2022 charter.

39.     On April 20, 2022, Defendants, MB YACHTS, LLC, ARDALAN MEHR JOUEI, SUGRA BAGHIROVA, and/or XYZ DEFENDANT(S) failed to conduct and/or follow any safety protocol prior to allowing Plaintiff, HERNANDEZ to serve as a *Yacht Mate*.

40.     At all times material hereto, Defendants, MB YACHTS, LLC, ARDALAN MEHR JOUEI, SUGRA BAGHIROVA, and/or XYZ DEFENDANT(S) failed to train and/or instruct Plaintiff, HERNANDEZ on proper and safe means of securing the vessel to GRAND BEACH HOTEL dock and/or slip or any other dock.

41.     On April 20, 2022, Defendants, MB YACHTS, LLC, ARDALAN MEHR JOUEI, SUGRA BAGHIROVA, and/or XYZ DEFENDANT(S) were on notice of Plaintiff, HERNANEZ's inexperience and negligently ordered her to assist in the vessels operation, and/or mooring, including docking the large vessel to its dock.

42.     On April 20, 2022, in the evening upon return to the GRAND BEACH HOTEL dock/slip Plaintiff, HERNANDEZ, was ordered to secure the bow line to the dock's cleat in adverse weather conditions.

43.   On April 20, 2022, while the Plaintiff, HERNANDEZ was attempting to secure the bow lines, her fingers were severed and torn from her hand.

44.   Due to Defendants negligent acts and/or omissions, Plaintiff, HERNANDEZ witnessed her fingers severed by the bow lines and a portion of her fingers fell in the ocean.

45.   Due to Defendants negligent acts and/or omissions, Plaintiff, HERNANDEZ has had to endure multiple surgeries to amputate other digits and attempt to save other fingers injured in the accident.

46.   Due to Defendants negligent acts and/or omissions, Plaintiff, HERNANDEZ has suffered permanent disfigurement due to the negligence of Defendants and continues to experience severe pain and suffering, and depression.

47.   Plaintiff, HERNANDEZ has had to pay for all of her healthcare, medications, pain management and future care by herself and her supportive family.

48.   Defendants, MB YACHTS, LLC, ARDALAN MEHR JOUEI, SUGRA BAGHIROVA, GRAND BEACH HOTEL, the subject vessel *M/Y IRIS* and/or XYZ DEFENDANT(S), has abandoned and/or stranded the Plaintiff, HERNANDEZ without maintenance and cure benefits as required under the U.S. statutory and general maritime law.

49.   Since April 20, 2022, Defendants, MB YACHTS, LLC, ARDALAN MEHR JOUEI, SUGRA BAGHIROVA, GRAND BEACH HOTEL, the subject vessel *M/Y IRIS* and/or XYZ DEFENDANT(S), were on notice of Plaintiff, HERNANDEZ's work related injuries, and failed to provide prompt, proper and adequate medical care and/or treatment.

50.   At all times material hereto, Plaintiff, HERNANDEZ's personal injuries and psychological injuries were reasonably foreseeable.

## COUNT I: UNSEAWORTHINESS
## AGAINST MB YACHTS, LLC

Plaintiff re-adopts and re-alleges paragraphs 1 to 50, as if stated herein verbatim and further alleges:

51.     This action arises as an admiralty and maritime claim under the general maritime law of the United States.

52.     On or about the previously stated date, Plaintiff was a member of the crew of Defendant's vessel, which was in U.S. navigable waters.

53.     At all times material hereto, Defendant, MB YACHTS, LLC., d/b/a MB RENTAL, LLC, as shipowner, operator, demise charterer and/or the *pro hac vice owner* of the *M/Y IRIS* conducted its operations of the subject vessel out of Miami-Dade County, Miami Beach, Florida.

54.      At all times material hereto, Defendant, MB YACHTS, LLC conducted its operations out of the GRAND BEACH HOTEL.

55.     Defendant, MB YACHTS, LLC. had the absolute nondelegable duty to provide Plaintiff with a seaworthy vessel.

56.     On or about the previously stated date, the unseaworthiness of Defendant's vessel was a legal cause of injury and damage to Plaintiff by reason of the following:

    a.  Failure to use reasonable care to provide and maintain a safe place to work for Plaintiff;

    b.  Failure to use reasonable care and to order Plaintiff to engage in a hazardous and unsafe task without any instruction.

    c.  Failure to promulgate and enforce reasonable rules and regulations to ensure the safety and health of the crew members and more particularly the Plaintiff, while working on said vessel;

d.  Failure to use reasonable care to provide Plaintiff with a safe place to work by failing to use reasonable care to maintain the vessel in a safe condition;

e.  Failure to establish a proper and safe method of operation;

f.  Failure to properly assign sufficient crew to perform the tasks performed;

g.  Implementing safe procedures for crew members to carry out the tasks ordered;

h.  Operational negligence on the part of Defendant was pervasive and repeatedly occurred during operations;

i.  Failure to have proper mooring or docking procedures for crew members and improperly requiring untrained crew members to engage in hazardous and unsafe jobs;

j.  Failure to use reasonable care to provide Plaintiff a safe place to work by failing to warn Plaintiff of the potential dangers;

k.  Failure to follow sound management practices aboard its vessel with the goal of providing Plaintiff a safe place to work;

l.  Failure to provide adequate safety measures to guard against known risks of injury to crew members;

m.  Failure to have a proper, adequate, and safe charterer under governing federal and state regulations; and,

n.  Breaching its obligations under the MLC (2006) as the shipowner.

57.    Under the general maritime law of the U.S., Defendant, as the owner, operator, *pro hac vice* owner and/or demise charterer of the subject vessel had the continuing duty to supply a vessel seaworthy in all its parts, including personnel and gear. This nondelegable duty ensures the vessel seaworthiness which Defendant breached.

58.    Defendant assumed the *nondelegable* legal obligation and responsibilities under the general maritime law of the U.S. and its treaties and all its rules and standards.

59.    Defendant, as the owner, operator, *pro hac vice* owner and/or demise charterer of the subject vessel breached its legal and continuous duty to supply a seaworthy vessel and failed

to take proper corrective measures to cure a systemic problem with the unsafe method of galley operations.

60.     Defendant's failure to supply a vessel seaworthy in all her parts directly caused Plaintiff's injuries. Plaintiff's serious physical and psychological injuries, which included the loss of her fingers, permanent disfigurement, and continued disability were a reasonably probable consequence of the unsafe work conditions caused by the vessel's unseaworthiness.

61.     As a direct and proximate result of the unseaworthiness of the Defendant's vessel, the Plaintiff was injured about her body and extremities, suffered pain therefrom, incurred medical expenses in the care and treatment, suffered physical handicap, permanent disability from shipboard employment, lost wages and her working ability has been impaired. The injuries are permanent or continuing in nature and Plaintiff will suffer losses and impairments in the future.

**WHEREFORE**, Plaintiff, DANIELYS HERNANDEZ demands judgment against Defendant, MB YACHTS, LLC., for actual and compensatory damages, prejudgment and post-judgment interest, and any further relief this Court deems just.

### COUNT II: UNSEAWORTHINESS
### AGAINST ARDALAN MEHR JOUEI

Plaintiff re-adopts and re-alleges paragraphs 1 to 50, as if stated herein verbatim and further alleges:

62.     This action arises as an admiralty and maritime claim under the general maritime law of the United States.

63.     On or about the previously stated date, Plaintiff was a member of the crew of Defendant's vessel, which was in U.S. navigable waters.

64.     At all times material hereto, Defendant, ARDALAN MEHR JOUEI, Individually and capacity as Manager of MB YACHTS, LLC., d/b/a MB RENTAL, LLC. was the shipowner, operator, demise charterer and/or the *pro hac vice owner* of the *M/Y IRIS.*

65.     At all times material hereto, Defendant, ARDALAN MEHR JOUEI, Individually and capacity as Manager of MB YACHTS, LLC., d/b/a MB RENTAL, LLC. conducted the operations of the subject vessel out of Miami-Dade County, Miami Beach, Florida.

66.     At all times material hereto, Defendant, ARDALAN MEHR JOUEI, conducted the operations out of the GRAND BEACH HOTEL.

67.     At all times material hereto, Defendant, ARDALAN MEHR JOUEI, had the absolute *nondelegable* duty to provide Plaintiff with a seaworthy vessel.

68.     On or about the previously stated date, the unseaworthiness of Defendant's vessel was a legal cause of injury and damage to Plaintiff by reason of the following:

   a.  Failure to use reasonable care to provide and maintain a safe place to work for Plaintiff;

   b.  Failure to use reasonable care and to order Plaintiff to engage in a hazardous and unsafe task without any instruction.

   c.  Failure to promulgate and enforce reasonable rules and regulations to ensure the safety and health of the crew members and more particularly the Plaintiff, while working on said vessel;

   d.  Failure to use reasonable care to provide Plaintiff with a safe place to work by failing to use reasonable care to maintain the vessel in a safe condition;

   e.  Failure to establish a proper and safe method of operation;

   f.  Failure to properly assign sufficient crew to perform the tasks performed;

   g.  Implementing safe procedures for crew members to carry out the tasks ordered;

   h.  Operational negligence on the part of Defendant was pervasive and repeatedly occurred during operations;

    i. Failure to have proper mooring or docking procedures for crew members and improperly requiring untrained crew members to engage in hazardous and unsafe jobs;

    j. Failure to use reasonable care to provide Plaintiff a safe place to work by failing to warn Plaintiff of the potential dangers;

    k. Failure to follow sound management practices aboard its vessel with the goal of providing Plaintiff a safe place to work;

    l. Failure to provide adequate safety measures to guard against known risks of injury to crew members;

    m. Failure to have a proper, adequate, and safe charterer under governing federal and state regulations; and,

    n. Breaching its obligations under the MLC (2006) as the shipowner.

69. Under the general maritime law of the U.S., Defendant, as the owner, operator, *pro hac vice* owner and/or demise charterer of the subject vessel had the continuing duty to supply a vessel seaworthy in all its parts, including personnel and gear. This nondelegable duty ensures the vessel seaworthiness which Defendant breached.

70. Defendant assumed the *nondelegable* legal obligation and responsibilities under the general maritime law of the U.S. and its treaties and all its rules and standards.

71. Defendant, as the owner, operator, *pro hac vice* owner and/or demise charterer of the subject vessel breached its legal and continuous duty to supply a seaworthy vessel and failed to take proper corrective measures to cure a systemic problem with the unsafe method of galley operations.

72. Defendant's failure to supply a vessel seaworthy in all her parts directly caused Plaintiff's injuries. Plaintiff's serious physical and psychological injuries, which included the loss of her fingers, permanent disfigurement, and continued disability were a reasonably probable consequence of the unsafe work conditions caused by the vessel's unseaworthiness.

73.     As a direct and proximate result of the unseaworthiness of the Defendant's vessel, the Plaintiff was injured about her body and extremities, suffered pain therefrom, incurred medical expenses in the care and treatment, suffered physical handicap, permanent disability from shipboard employment, lost wages and her working ability has been impaired. The injuries are permanent or continuing in nature and Plaintiff will suffer losses and impairments in the future.

**WHEREFORE**, Plaintiff, DANIELYS HERNANDEZ demands judgment against Defendant, ARDALAN MEHR JOUEI, for actual and compensatory damages, prejudgment and post-judgment interest, and any further relief this Court deems just.

### COUNT III: UNSEAWORTHINESS
### AGAINST SUGRA BAGHIROVA

Plaintiff re-adopts and re-alleges paragraphs 1 to 50, as if stated herein verbatim and further alleges:

74.     This action arises as an admiralty and maritime claim under the general maritime law of the United States.

75.     On or about the previously stated date, Plaintiff was a member of the crew of Defendant's vessel, which was in U.S. navigable waters.

76.     At all times material hereto, Defendant, SUGRA BAGHIROVA, Individually and capacity as Manager of MB YACHTS, LLC., d/b/a MB RENTAL, LLC. was the shipowner, operator, demise charterer, and/or the *pro hac vice owner* of the *M/Y IRIS*.

77.      At all times material hereto, Defendant, SUGRA BAGHIROVA, Individually and capacity as Manager of MB YACHTS, LLC., d/b/a MB RENTAL, LLC. conducted its operations of the subject vessel out of Miami-Dade County, Miami Beach, Florida.

78.     At all times material hereto Defendant, SUGRA BAGHIROVA, conducted its operations out of the GRAND BEACH HOTEL.

79.     Defendant had the absolute nondelegable duty to provide Plaintiff with a seaworthy vessel.

80.     On or about the previously stated date, the unseaworthiness of Defendant's vessel was a legal cause of injury and damage to Plaintiff by reason of the following:

 a. Failure to use reasonable care to provide and maintain a safe place to work for Plaintiff;

 b. Failure to use reasonable care and to order Plaintiff to engage in a hazardous and unsafe task without any instruction.

 c. Failure to promulgate and enforce reasonable rules and regulations to ensure the safety and health of the crew members and more particularly the Plaintiff, while working on said vessel;

 d. Failure to use reasonable care to provide Plaintiff with a safe place to work by failing to use reasonable care to maintain the vessel in a safe condition;

 e. Failure to establish a proper and safe method of operation;

 f. Failure to properly assign sufficient crew to perform the tasks performed;

 g. Implementing safe procedures for crew members to carry out the tasks ordered;

 h. Operational negligence on the part of Defendant was pervasive and repeatedly occurred during operations;

 i. Failure to have proper mooring or docking procedures for crew members and improperly requiring untrained crew members to engage in hazardous and unsafe jobs;

 j. Failure to use reasonable care to provide Plaintiff a safe place to work by failing to warn Plaintiff of the potential dangers;

 k. Failure to follow sound management practices aboard its vessel with the goal of providing Plaintiff a safe place to work;

l.   Failure to provide adequate safety measures to guard against known risks of injury to crew members;

m.   Failure to have a proper, adequate, and safe charterer under governing federal and state regulations; and,

n.   Breaching its obligations under the MLC (2006) as the shipowner.

81.   Under the general maritime law of the U.S., Defendant, as the owner, operator, *pro hac vice* owner and/or demise charterer of the subject vessel had the continuing duty to supply a vessel seaworthy in all its parts, including personnel and gear. This nondelegable duty ensures the vessel seaworthiness which Defendant breached.

82.   Defendant assumed the nondelegable legal obligation and responsibilities under the general maritime law of the U.S. and its treaties and all its rules and standards.

83.   Defendant, as the owner, operator, *pro hac vice* owner and/or demise charterer of the subject vessel breached its legal and continuous duty to supply a seaworthy vessel and failed to take proper corrective measures to cure a systemic problem with the unsafe method of galley operations.

84.   Defendant's failure to supply a vessel seaworthy in all her parts directly caused Plaintiff's injuries. Plaintiff's serious physical and psychological injuries, which included the loss of her fingers, permanent disfigurement, and continued disability were a reasonably probable consequence of the unsafe work conditions caused by the vessel's unseaworthiness.

85.   As a direct and proximate result of the unseaworthiness of the Defendant's vessel, the Plaintiff was injured about her body and extremities, suffered pain therefrom, incurred medical expenses in the care and treatment, suffered physical handicap, permanent disability from shipboard employment, lost wages and her working ability has been impaired. The injuries

are permanent or continuing in nature and Plaintiff will suffer losses and impairments in the future.

**WHEREFORE**, Plaintiff, DANIELYS HERNANDEZ demands judgment against Defendant, SUGRA BAGHIROVA, for actual and compensatory damages, prejudgment and post-judgment interest, and any further relief this Court deems just.

**COUNT IV: UNSEAWORTHINESS**
**AGAINST XYZ DEFENDANT(S)**

Plaintiff re-adopts and re-alleges paragraphs 1 to 50, as if stated herein verbatim and further alleges:

86.     This action arises as an admiralty and maritime claim under the general maritime law of the United States.

87.     On or about the previously stated date, Plaintiff was a member of the crew of Defendant's vessel, which was in U.S. navigable waters.

88.     At all times material hereto, Defendant, XYZ DEFENDANT(S) was the shipowner, operator, demise charter and/or *pro hac vice owner* of the *M/Y IRIS*.

89.     At all times material hereto, Defendant, XYZ DEFENDANT(S) conducted its operations of the subject vessel out of Miami-Dade County, Miami Beach, Florida.

90.      At all times material hereto, Defendant, XYZ DEFENDANT(S) conducted its operations out of the GRAND BEACH HOTEL.

91.     Defendant had the absolute *nondelegable duty* to provide Plaintiff with a seaworthy vessel.

92.     On or about the previously stated date, the unseaworthiness of Defendant's vessel was a legal cause of injury and damage to Plaintiff by reason of the following:

a.  Failure to use reasonable care to provide and maintain a safe place to work for Plaintiff;

b.  Failure to use reasonable care and to order Plaintiff to engage in a hazardous and unsafe task without any instruction.

c.  Failure to promulgate and enforce reasonable rules and regulations to ensure the safety and health of the crew members and more particularly the Plaintiff, while working on said vessel;

d.  Failure to use reasonable care to provide Plaintiff with a safe place to work by failing to use reasonable care to maintain the vessel in a safe condition;

e.  Failure to establish a proper and safe method of operation;

f.  Failure to properly assign sufficient crew to perform the tasks performed;

g.  Implementing safe procedures for crew members to carry out the tasks ordered;

h.  Operational negligence on the part of Defendant was pervasive and repeatedly occurred during operations;

i.  Failure to have proper mooring or docking procedures for crew members and improperly requiring untrained crew members to engage in hazardous and unsafe jobs;

j.  Failure to use reasonable care to provide Plaintiff a safe place to work by failing to warn Plaintiff of the potential dangers;

k.  Failure to follow sound management practices aboard its vessel with the goal of providing Plaintiff a safe place to work;

l.  Failure to provide adequate safety measures to guard against known risks of injury to crew members;

m.  Failure to have a proper, adequate, and safe charterer under governing federal and state regulations; and,

n.  Breaching its obligations under the MLC (2006) as the shipowner.

93.     Under the general maritime law of the U.S., Defendant, as the owner, operator,

*pro hac vice* owner and/or demise charterer of the subject vessel had the continuing duty to

supply a vessel seaworthy in all its parts, including personnel and gear. This nondelegable duty ensures the vessel seaworthiness which Defendant breached.

94.     Defendant assumed the nondelegable legal obligation and responsibilities under the general maritime law of the U.S. and its treaties and all its rules and standards.

95.     Defendant, as the owner, operator, *pro hac vice* owner and/or demise charterer of the subject vessel breached its legal and continuous duty to supply a seaworthy vessel and failed to take proper corrective measures to cure a systemic problem with the unsafe method of galley operations.

96.     Defendant's failure to supply a vessel seaworthy in all her parts directly caused Plaintiff's injuries. Plaintiff's serious physical and psychological injuries, which included the loss of her fingers, permanent disfigurement, and continued disability were a reasonably probable consequence of the unsafe work conditions caused by the vessel's unseaworthiness.

97.     As a direct and proximate result of the unseaworthiness of the Defendant's vessel, the Plaintiff was injured about her body and extremities, suffered pain therefrom, incurred medical expenses in the care and treatment, suffered physical handicap, permanent disability from shipboard employment, lost wages and her working ability has been impaired. The injuries are permanent or continuing in nature and Plaintiff will suffer losses and impairments in the future.

**WHEREFORE**, Plaintiff, DANIELYS HERNANDEZ demands judgment against Defendant, XYZ DEFENDANT(S), for actual and compensatory damages, prejudgment and post-judgment interest, and any further relief this Court deems just.

## COUNT V: JONES ACT NEGLIGENCE
## AGAINST MB YACHTS, LLC

Plaintiff re-adopts and re-alleges paragraphs 1 to 50, as if stated herein verbatim and further alleges:

98.     At all times material hereto, Defendant, MB YACHTS, LLC., d/b/a MB RENTAL, LLC, as shipowner, operator, demise charterer, and/or the *pro hac vice owner* of the *M/Y IRIS* and Plaintiff, HERNANDEZ's Jones Act employer or borrowed servant.

99.     It was the duty of Defendant, MB YACHTS, LLC., d/b/a MB RENTAL, LLC, to provide the Plaintiff with a safe place to work.

100.     On or about the above date, Plaintiff was injured due to the fault and negligence of Defendant and/or its agents, servants and/or employees as follows:

    a.  Failure to use reasonable care to provide and maintain a safe place to work for Plaintiff, fit with proper and adequate machinery, crew and equipment;

    b.  Failure to use reasonable care to provide Plaintiff a safe place to work in order to avoid injury to her body;

    c.  Failure to promulgate and enforce reasonable rules and regulations to insure the safety and health of the employees and more particularly the Plaintiff, while engaged in the course of his employment on said vessel;

    d.  Failure to use reasonable care to provide Plaintiff with a safe place to work, and otherwise failing to use reasonable care to maintain the work place in a safe condition.

    e.  Failure to provide prompt, proper and adequate medical care which aggravated Plaintiff's injuries and caused him additional pain and disability;

    f.  Failure to follow sound management practices with the goal of providing Plaintiff a safe place to work. Prior to Plaintiff's accident, Defendant failed to investigate the hazards to Plaintiff and then take the necessary steps to eliminate the hazards, minimize the hazard or warn the Plaintiff of the danger from the hazard.

    g.  Failure to provide adequate safety measures to guard against known risks of injury to Plaintiff.

101.    Defendant knew of the foregoing conditions causing Plaintiff's injury and/or medical condition and did not correct them, or the conditions existed for a sufficient length of time so that Defendant in the exercise of reasonable care should have learned of them and corrected them.

102.    As a result of the negligence of Defendant, the Plaintiff was injured about her body and extremities, suffered pain therefrom, incurred medical expenses in the care and treatment of her injuries, suffered physical handicap, lost wages and his working ability has been impaired. The injuries are permanent or continuing in nature and Plaintiff will suffer the losses and impairments in the future.

**WHEREFORE**, Plaintiff demands judgment against Defendant, MB YACHTS, LLC., for actual and compensatory damages, prejudgment and post-judgment interest, and any further relied this Court deems just.

## COUNT VI: JONES ACT NEGLIGENCE
## AGAINST ARDALAN MEHR JOUEI

Plaintiff re-adopts and re-alleges paragraphs 1 to 50, as if stated herein verbatim and further alleges:

103.    At all times material hereto, Defendant, ARDALAN MEHR JOUEI, Individually and capacity as Manager of MB YACHTS, LLC., d/b/a MB RENTAL, LLC. was the shipowner, operator, demise charterer and/or the *pro hac vice owner* of the *M/Y IRIS* and/or Plaintiff, HERNANDEZ's Jones Act employer or borrowed servant.

104.    It was the duty of Defendant, ARDALAN MEHR JOUEI, to provide the Plaintiff with a safe place to work.

105.    On or about the above date, Plaintiff was injured due to the fault and negligence of Defendant and/or its agents, servants and/or employees as follows:

a. Failure to use reasonable care to provide and maintain a safe place to work for Plaintiff, fit with proper and adequate machinery, crew and equipment;

b. Failure to use reasonable care to provide Plaintiff a safe place to work in order to avoid injury to her body;

c. Failure to promulgate and enforce reasonable rules and regulations to insure the safety and health of the employees and more particularly the Plaintiff, while engaged in the course of his employment on said vessel;

d. Failure to use reasonable care to provide Plaintiff with a safe place to work, and otherwise failing to use reasonable care to maintain the work place in a safe condition.

e. Failure to provide prompt, proper and adequate medical care which aggravated Plaintiff's injuries and caused him additional pain and disability;

f. Failure to follow sound management practices with the goal of providing Plaintiff a safe place to work. Prior to Plaintiff's accident, Defendant failed to investigate the hazards to Plaintiff and then take the necessary steps to eliminate the hazards, minimize the hazard or warn the Plaintiff of the danger from the hazard.

g. Failure to provide adequate safety measures to guard against known risks of injury to Plaintiff.

106. Defendant knew of the foregoing conditions causing Plaintiff's injury and/or medical condition and did not correct them, or the conditions existed for a sufficient length of time so that Defendant in the exercise of reasonable care should have learned of them and corrected them.

107. As a result of the negligence of Defendant, the Plaintiff was injured about his body and extremities, suffered pain therefrom, incurred medical expenses in the care and treatment of her injuries, suffered physical handicap, lost wages and his working ability has been impaired. The injuries are permanent or continuing in nature and Plaintiff will suffer the losses and impairments in the future.

108. In the alternative, Plaintiff had a pre-existing condition which was aggravated and/or activated by Defendant's action.

**WHEREFORE**, Plaintiff demands judgment against Defendant, ARDALAN MEHR JOUEI, for actual and compensatory damages, prejudgment and post-judgment interest, and any further relied this Court deems just.

**COUNT VII: JONES ACT NEGLIGENCE**
**AGAINST SUGRA BAGHIROVA**

Plaintiff re-adopts and re-alleges paragraphs 1 to 50, as if stated herein verbatim and further alleges:

109.    At all times material hereto, Defendant, SUGRA BAGHIROVA, Individually and her capacity as Manager of MB YACHTS, LLC., d/b/a MB RENTAL, LLC. was the shipowner, operator, demise charterer and/or the *pro hac vice owner* of the *M/Y IRIS* and/or Plaintiff, HERNANDEZ's Jones Act employer or borrowed servant.

110.    It was the duty of Defendant, SUGRA BAGHIROVA to provide the Plaintiff with a safe place to work.

111.    On or about the above date, Plaintiff was injured due to the fault and negligence of Defendant and/or its agents, servants and/or employees as follows:

    a.    Failure to use reasonable care to provide and maintain a safe place to work for Plaintiff, fit with proper and adequate machinery, crew and equipment;

    b.    Failure to use reasonable care to provide Plaintiff a safe place to work in order to avoid injury to her body;

    c.    Failure to promulgate and enforce reasonable rules and regulations to insure the safety and health of the employees and more particularly the Plaintiff, while engaged in the course of his employment on said vessel;

    d.    Failure to use reasonable care to provide Plaintiff with a safe place to work, and otherwise failing to use reasonable care to maintain the workplace in a safe condition.

    e.    Failure to provide prompt, proper and adequate medical care which aggravated Plaintiff's injuries and caused him additional pain and disability;

    f.   Failure to follow sound management practices with the goal of providing Plaintiff a safe place to work. Prior to Plaintiff's accident, Defendant failed to investigate the hazards to Plaintiff and then take the necessary steps to eliminate the hazards, minimize the hazard or warn the Plaintiff of the danger from the hazard.

    g.   Failure to provide adequate safety measures to guard against known risks of injury to Plaintiff.

112.    Defendant knew of the foregoing conditions causing Plaintiff's injury and/or medical condition and did not correct them, or the conditions existed for a sufficient length of time so that Defendant in the exercise of reasonable care should have learned of them and corrected them.

113.    As a result of the negligence of Defendant, the Plaintiff was injured about her body and extremities, suffered pain therefrom, incurred medical expenses in the care and treatment of her injuries, suffered physical handicap, lost wages and her working ability has been impaired. The injuries are permanent or continuing in nature and Plaintiff will suffer the losses and impairments in the future.

**WHEREFORE**, Plaintiff demands judgment against Defendant, SUGRA BAGHIROVA, for actual and compensatory damages, prejudgment and post-judgment interest, and any further relied this Court deems just.

## COUNT VIII: JONES ACT NEGLIGENCE
## AGAINST XYZ DEFENDANT(S)

Plaintiff re-adopts and re-alleges paragraphs 1 to 50, as if stated herein verbatim and further alleges:

114.    At all times material hereto, Defendant, XYZ DEFENDANT(S) was the shipowner, operator, demise charterer and/or *pro hac vice owner* of the *M/Y IRIS* and/or Plaintiff, HERNANDEZ's Jones Act employer or borrowed servant.

115.     It was the duty of Defendant, XYZ DEFENDANT(S) to provide the Plaintiff with a safe place to work.

116.     On or about the above date, Plaintiff was injured due to the fault and negligence of Defendant and/or its agents, servants and/or employees as follows:

a.  Failure to use reasonable care to provide and maintain a safe place to work for Plaintiff, fit with proper and adequate machinery, crew and equipment;

b.  Failure to use reasonable care to provide Plaintiff a safe place to work in order to avoid injury to her body;

c.  Failure to promulgate and enforce reasonable rules and regulations to ensure the safety and health of the employees and more particularly the Plaintiff, while engaged in the course of her employment on said vessel;

d.  Failure to use reasonable care to provide Plaintiff with a safe place to work, and otherwise failing to use reasonable care to maintain the workplace in a safe condition.

e.  Failure to provide prompt, proper and adequate medical care which aggravated Plaintiff's injuries and caused her additional pain and disability;

f.  Failure to follow sound management practices with the goal of providing Plaintiff a safe place to work. Prior to Plaintiff's accident, Defendant failed to investigate the hazards to Plaintiff and then take the necessary steps to eliminate the hazards, minimize the hazard or warn the Plaintiff of the danger from the hazard.

g.  Failure to provide adequate safety measures to guard against known risks of injury to Plaintiff.

117.     Defendant knew of the foregoing conditions causing Plaintiff's injury and/or medical condition and did not correct them, or the conditions existed for a sufficient length of time so that Defendant in the exercise of reasonable care should have learned of them and corrected them.

118.     As a result of the negligence of Defendant, the Plaintiff was injured about his body and extremities, suffered pain therefrom, incurred medical expenses in the care and treatment of her injuries, suffered physical handicap, lost wages and his working ability has been

impaired. The injuries are permanent or continuing in nature and Plaintiff will suffer the losses and impairments in the future.

**WHEREFORE**, Plaintiff demands judgment against Defendant, XYZ DEFENDANT(S), for actual and compensatory damages, prejudgment and post-judgment interest, and any further relied this Court deems just.

### COUNT IX: FAILURE TO PROVIDE MAINTENANCE AND CURE AGAINST MB YACHTS, LLC.

Plaintiff re-adopts and re-alleges paragraphs 1 to 50, as if stated herein verbatim and further alleges:

119.    At all times material hereto, Defendant, MB YACHTS, LLC., d/b/a MB RENTAL, LLC, as shipowner, operator, demise charterer, and/or the *pro hac vice owner* of the *M/Y IRIS* and Plaintiff, HERNANDEZ's Jones Act employer or borrowed servant.

120.    On or about the previously stated date, Plaintiff, while in the service of the vessel as a crew member, was injured.

121.    Under the General Maritime Law of the United States, Plaintiff, as a seaman, is entitled to recover maintenance and cure from Defendant until she is declared to have reached maximum medical possible cure.

122.    Despite their obligations, Defendant has willfully and callously failed to provide Plaintiff's medical treatment despite Plaintiff's request for same.

123.    Defendant's failure to provide cure is unreasonable, willful, arbitrary, capricious and in callous disregard for Plaintiff's rights as a seaman. As such, Plaintiff is entitled to attorney's fee under the General Maritime Law of the United States.

**WHEREFORE**, Plaintiff demands judgment against Defendant, MB YACHTS, LLC., for actual and compensatory damages, prejudgment and post-judgment interest, and any further relied this Court deems just.

## COUNT X: FAILURE TO PROVIDE MAINTENANCE AND CURE
## AGAINST ARDALAN MEHR JOUEI

Plaintiff re-adopts and re-alleges paragraphs 1 to 50, as if stated herein verbatim and further alleges:

124.     At all times material hereto, Defendant, ARDALAN MEHR JOUEI, Individually and capacity as Manager of MB YACHTS, LLC., d/b/a MB RENTAL, LLC. was the shipowner, operator, demise charterer and/or the *pro hac vice owner* of the *M/Y IRIS* and/or Plaintiff, HERNANDEZ's Jones Act employer or borrowed servant.

125.     On or about the previously stated date, Plaintiff, while in the service of the vessel as a crew member, was injured.

126.     Under the General Maritime Law of the United States, Plaintiff, as a seaman, is entitled to recover maintenance and cure from Defendant until she is declared to have reached maximum medical possible cure.

127.     Despite their obligations, Defendant has willfully and callously failed to provide Plaintiff's medical treatment despite Plaintiff's request for same.

128.     Defendant's failure to provide cure is unreasonable, willful, arbitrary, capricious and in callous disregard for Plaintiff's rights as a seaman.  As such, Plaintiff is entitled to attorney's fee under the General Maritime Law of the United States.

**WHEREFORE**, Plaintiff demands judgment against Defendant, ARDALAN MEHR JOUEI, for actual and compensatory damages, prejudgment and post-judgment interest, and any further relied this Court deems just.

## COUNT XI: FAILURE TO PROVIDE MAINTENANCE AND CURE
## AGAINST SUGRA BAGHIROVA

Plaintiff re-adopts and re-alleges paragraphs 1 to 50, as if stated herein verbatim and further alleges:

129.    At all times material hereto, Defendant, SUGRA BAGHIROVA, Individually and her capacity as Manager of MB YACHTS, LLC., d/b/a MB RENTAL, LLC. was the shipowner, operator, demise charterer and/or *pro hac vice owner* of the *M/Y IRIS* and/or Plaintiff, HERNANDEZ's Jones Act employer or borrowed servant.

130.    On or about the previously stated date, Plaintiff, while in the service of the vessel as a crew member, was injured.

131.    Under the General Maritime Law of the United States, Plaintiff, as a seaman, is entitled to recover maintenance and cure from Defendant until she is declared to have reached maximum medical possible cure.

132.    Despite their obligations, Defendant has willfully and callously failed to provide Plaintiff's medical treatment despite Plaintiff's request for same.

133.    Defendant's failure to provide cure is unreasonable, willful, arbitrary, capricious and in callous disregard for Plaintiff's rights as a seaman.  As such, Plaintiff is entitled to attorney's fee under the General Maritime Law of the United States.

**WHEREFORE**, Plaintiff demands judgment against Defendant, SUGRA BAGHIROVA, for actual and compensatory damages, prejudgment and post-judgment interest, and any further relied this Court deems just.

## COUNT XII: FAILURE TO PROVIDE MAINTENANCE AND CURE
## AGAINST XYZ DEFENDANT(S)

Plaintiff re-adopts and re-alleges paragraphs 1 to 50, as if stated herein verbatim and further alleges:

134.    At all times material hereto, Defendant, XYZ DEFENDANT(S) was the shipowner, operator, demise charterer and/or the *pro hac vice owner* of the *M/Y IRIS* and/or Plaintiff, HERNANDEZ's Jones Act employer or borrowed servant.

135.    On or about the previously stated date, Plaintiff, while in the service of the vessel as a crew member, was injured.

136.    Under the General Maritime Law of the United States, Plaintiff, as a seaman, is entitled to recover maintenance and cure from Defendant until he is declared to have reached maximum medical possible cure.

137.    Despite their obligations, Defendant has willfully and callously failed to provide Plaintiff's medical treatment despite Plaintiff's request for same.

138.    Defendant's failure to provide cure is unreasonable, willful, arbitrary, capricious and in callous disregard for Plaintiff's rights as a seaman.  As such, Plaintiff is entitled to attorney's fee under the General Maritime Law of the United States.

**WHEREFORE**, Plaintiff demands judgment against Defendant, XYZ DEFENDANT(S), for actual and compensatory damages, prejudgment and post-judgment interest, and any further relied this Court deems just.

## COUNT XIII: FAILURE TO PROVIDE PROMPT, PROPER, AND
## ADEQUATE MEDICAL TREATMENT AGAINST MB YACHTS, LLC.

Plaintiff re-adopts and re-alleges paragraphs 1 to 50, as if stated herein verbatim and further alleges:

139.    At all times material hereto, Defendant, MB YACHTS, LLC., d/b/a MB RENTAL, LLC, as shipowner, operator, demise charterer, and/or the *pro hac vice owner* of the *M/Y IRIS* and Plaintiff, HERNANDEZ's Jones Act employer or borrowed servant.

140.    On or about the previously stated date, Plaintiff was employed by Defendant, as a seaman, was in the service of the vessel, and was a member of the vessel's crew.  The vessel was in navigable waters.

141.    At all times material, Defendant had the absolute *nondelegable* duty to provide Plaintiff with prompt, proper, and adequate medical care.

142.    Defendant negligently failed to promptly provide Plaintiff with prompt, proper, adequate, and complete medical care.  This conduct includes, but is not limited to:

     a.  Defendant not giving Plaintiff medical care in a timely manner after her initial injury;

     b.  Defendant failed to properly diagnose and therefore treat Plaintiff's injury; and/or,

     c.  Defendant abandoning Plaintiff without proper medical care and treatment; and/or,

     d.  Defendant complete failure to comply with its obligation to monitor and manage Plaintiff's medical care and pay for all related medical treatment.

143.    As a direct and proximate result of Defendant failure, Plaintiff suffered additional pain, disability, and/or Plaintiff's recovery was prolonged and hampered.  In addition, the Plaintiff was injured about his body and extremities; suffered physical pain and suffering; mental anguish; reasonable fear of developing future physical and medical problems; loss of enjoyment of life; physical disability; impairment; inconvenience on the normal pursuits and pleasures of life; feelings of economic insecurity caused by disability; aggravation of any previously existing conditions therefrom; incurred additional medical expenses in the care and treatment of Plaintiff's injuries; suffered physical handicap; lost wages; income lost in the past; and Plaintiff's

working ability and earning capacity has been impaired. The injuries and damages are permanent or continuing in nature and Plaintiff will suffer the losses and impairments in the future.

144.    This Count is alleged separately from Jones Act Negligence pursuant to *Joyce v. Atlantic Richfield Company*, 651 F.2d 676 (10th Cir. 1981) which states, in part, "Negligent failure to provide prompt medical attention to a seriously injured seaman gives rise to a separate claim for relief [for which separate damages are awardable]".

**WHEREFORE**, Plaintiff demands judgment against Defendant, MB YACHTS, LLC. for actual and compensatory damages, prejudgment and post-judgment interest, and any further relief this Court deems just.

## COUNT XIV: FAILURE TO PROVIDE PROMPT, PROPER, AND ADEQUATE MEDICAL TREATMENT AGAINST ARDALAN MEHR JOUEI

Plaintiff re-adopts and re-alleges paragraphs 1 to 50, as if stated herein verbatim and further alleges:

145.    At all times material hereto, Defendant, ARDALAN MEHR JOUEI, Individually and capacity as Manager of MB YACHTS, LLC., d/b/a MB RENTAL, LLC. was the shipowner, operator, demise charterer and/or the *pro hac vice owner* of the *M/Y IRIS* and/or Plaintiff, HERNANDEZ's Jones Act employer or borrowed servant.

146.    On or about the previously stated date, Plaintiff was employed by Defendant, as a seaman, was in the service of the vessel, and was a member of the vessel's crew. The vessel was in navigable waters.

147.    At all times material, Defendant had the absolute *nondelegable* duty to provide Plaintiff with prompt, proper, and adequate medical care.

148.    Defendant negligently failed to promptly provide Plaintiff with prompt, proper, adequate, and complete medical care.  This conduct includes, but is not limited to:

    a.    Defendant not giving Plaintiff medical care in a timely manner after her initial injury;

    b.    Defendant failed to properly diagnose and therefore treat Plaintiff's injury; and/or,

    c.    Defendant abandoning Plaintiff without proper medical care and treatment; and/or,

    d.    Defendant complete failure to comply with its obligation to monitor and manage Plaintiff's medical care and pay for all related medical treatment.

149.    As a direct and proximate result of Defendant failure, Plaintiff suffered additional pain, disability, and/or Plaintiff's recovery was prolonged and hampered.  In addition, the Plaintiff was injured about his body and extremities; suffered physical pain and suffering; mental anguish; reasonable fear of developing future physical and medical problems; loss of enjoyment of life; physical disability; impairment; inconvenience on the normal pursuits and pleasures of life; feelings of economic insecurity caused by disability; aggravation of any previously existing conditions therefrom; incurred additional medical expenses in the care and treatment of Plaintiff's injuries; suffered physical handicap; lost wages; income lost in the past; and Plaintiff's working ability and earning capacity has been impaired.  The injuries and damages are permanent or continuing in nature and Plaintiff will suffer the losses and impairments in the future.

150.    This Count is alleged separately from Jones Act Negligence pursuant to *Joyce v. Atlantic Richfield Company*, 651 F.2d 676 (10th Cir. 1981) which states, in part, "Negligent failure to provide prompt medical attention to a seriously injured seaman gives rise to a separate claim for relief [for which separate damages are awardable]".

**WHEREFORE**, Plaintiff demands judgment against Defendant, ARDALAN MEHR

JOUEI for actual and compensatory damages, prejudgment and post-judgment interest, and any further relief this Court deems just.

## COUNT XV: FAILURE TO PROVIDE PROMPT, PROPER, AND ADEQUATE MEDICAL TREATMENT AGAINST SUGRA BAGHIROVA

Plaintiff re-adopts and re-alleges paragraphs 1 to 50, as if stated herein verbatim and further alleges:

151.    At all times material hereto, Defendant, SUGRA BAGHIROVA, Individually and her capacity as Manager of MB YACHTS, LLC., d/b/a MB RENTAL, LLC. was the shipowner, operator, demise charterer and/or the *pro hac vice owner* of the *M/Y IRIS* and/or Plaintiff, HERNANDEZ's Jones Act employer or borrowed servant.

152.    On or about the previously stated date, Plaintiff was employed by Defendant, as a seaman, was in the service of the vessel, and was a member of the vessel's crew.  The vessel was in navigable waters.

153.    At all times material, Defendant had the absolute *nondelegable* duty to provide Plaintiff with prompt, proper, and adequate medical care.

154.     Defendant negligently failed to promptly provide Plaintiff with prompt, proper, adequate, and complete medical care.  This conduct includes, but is not limited to:

    a.   Defendant not giving Plaintiff medical care in a timely manner after her initial injury;

    b.   Defendant failed to properly diagnose and therefore treat Plaintiff's injury; and/or,

    c.   Defendant abandoning Plaintiff without proper medical care and treatment; and/or,

    d.   Defendant complete failure to comply with its obligation to monitor and manage Plaintiff's medical care and pay for all related medical treatment.

155.     As a direct and proximate result of Defendant failure, Plaintiff suffered additional pain, disability, and/or Plaintiff's recovery was prolonged and hampered.  In addition, the Plaintiff was injured about his body and extremities; suffered physical pain and suffering; mental anguish; reasonable fear of developing future physical and medical problems; loss of enjoyment of life; physical disability; impairment; inconvenience on the normal pursuits and pleasures of life; feelings of economic insecurity caused by disability; aggravation of any previously existing conditions therefrom; incurred additional medical expenses in the care and treatment of Plaintiff's injuries; suffered physical handicap; lost wages; income lost in the past; and Plaintiff's working ability and earning capacity has been impaired.  The injuries and damages are permanent or continuing in nature and Plaintiff will suffer the losses and impairments in the future.

156.     This Count is alleged separately from Jones Act Negligence pursuant to *Joyce v. Atlantic Richfield Company*, 651 F.2d 676 (10th Cir. 1981) which states, in part, "Negligent failure to provide prompt medical attention to a seriously injured seaman gives rise to a separate claim for relief [for which separate damages are awardable]".

**WHEREFORE**, Plaintiff demands judgment against Defendant, SUGRA BAGHIROVA for actual and compensatory damages, prejudgment and post-judgment interest, and any further relief this Court deems just.

### COUNT XVI: FAILURE TO PROVIDE PROMPT, PROPER, AND ADEQUATE MEDICAL TREATMENT AGAINST XYZ DEFENDANT(S)

Plaintiff re-adopts and re-alleges paragraphs 1 to 50, as if stated herein verbatim and further alleges:

157.    At all times material hereto, Defendant, XYZ DEFENDANT(S) was the shipowner, operator, demise charterer and/or *pro hac vice owner* of the *M/Y IRIS* and/or Plaintiff, HERNANDEZ's Jones Act employer or borrowed servant.

158.    On or about the previously stated date, Plaintiff was employed by Defendant, as a seaman, was in the service of the vessel, and was a member of the vessel's crew.  The vessel was in navigable waters.

159.    At all times material, Defendant had the absolute *nondelegable* duty to provide Plaintiff with prompt, proper, and adequate medical care.

160.    Defendant negligently failed to promptly provide Plaintiff with prompt, proper, adequate, and complete medical care.  This conduct includes, but is not limited to:

   a.  Defendant not giving Plaintiff medical care in a timely manner after her initial injury;

   b.  Defendant failed to properly diagnose and therefore treat Plaintiff's injury; and/or,

   c.  Defendant abandoning Plaintiff without proper medical care and treatment; and/or,

   d.  Defendant complete failure to comply with its obligation to monitor and manage Plaintiff's medical care and pay for all related medical treatment.

161.    As a direct and proximate result of Defendant failure, Plaintiff suffered additional pain, disability, and/or Plaintiff's recovery was prolonged and hampered.  In addition, the Plaintiff was injured about his body and extremities; suffered physical pain and suffering; mental anguish; reasonable fear of developing future physical and medical problems; loss of enjoyment of life; physical disability; impairment; inconvenience on the normal pursuits and pleasures of life; feelings of economic insecurity caused by disability; aggravation of any previously existing conditions therefrom; incurred additional medical expenses in the care and treatment of Plaintiff's injuries; suffered physical handicap; lost wages; income lost in the past; and Plaintiff's

working ability and earning capacity has been impaired. The injuries and damages are permanent or continuing in nature and Plaintiff will suffer the losses and impairments in the future.

162.     This Count is alleged separately from Jones Act Negligence pursuant to *Joyce v. Atlantic Richfield Company*, 651 F.2d 676 (10th Cir. 1981) which states, in part, "Negligent failure to provide prompt medical attention to a seriously injured seaman gives rise to a separate claim for relief [for which separate damages are awardable]".

**WHEREFORE**, Plaintiff, DANIELYS HERNANDEZ demands judgment against Defendant, XYZ DEFENDANT(S) for actual and compensatory damages, prejudgment and post-judgment interest, and any further relief this Court deems just.

## COUNT XVII- JOINT VENTURE BETWEEN GRAND BEACH HOSPITALITY GROUP AND DEFENDANT VESSEL OWNERS, CHARTERERS, AND VESSEL OPERATORS

Plaintiff re-adopts and re-alleges paragraphs 1 to 50, as if stated herein verbatim and further alleges:

163.     At all times material hereto, Defendants, MB YACHTS, LLC, ARDALAN MEHR JOUEI, SUGRA BAGHIROVA, XYZ DEFENDANT(S), and GRAND BEACH HOSPITALITY GROUP, d/b/a GRAND BEACH HOTEL engaged in a joint venture for charters aboard *M/Y IRIS*.

164.     At all times material hereto, Defendants, MB YACHTS, LLC, ARDALAN MEHR JOUEI, SUGRA BAGHIROVA, XYZ DEFENDANT(S), and GRAND BEACH HOSPITALITY GROUP had an intention to create a joint venture by combining their property and/or efforts and/or a combination thereof in conducting some particular line of trade and/or from some particular business deal. *See Kislack v. Kreedian*, 95 So. 2d 510, 515 (Fla. 1957) (the relationship of joint adventures is created when two or more persons combine their property or

time or combination thereof on conducting some particular line of trade or for some particular business deal).

165.    At all times material hereto, Defendants, MB YACHTS, LLC, ARDALAN MEHR JOUEI, SUGRA BAGHIROVA, XYZ DEFENDANT(S), and GRAND BEACH HOSPITALITY GROUP intended to create a joint venture by entering into an agreement whereby:

> a.  Defendant, GRAND BEACH HOSPITALITY GROUP arranged for, sponsored, recommended, marketed, operated, marketed and/or sold charters to hotel guests aboard the *M/Y IRIS*; and/or,
>
> b.  Defendants, MB YACHTS, LLC, ARDALAN MEHR JOUEI, SUGRA BAGHIROVA, and XYZ DEFENDANT(S) owned, operated, and managed the charters; and/or,
>
> c.  Defendant, GRAND BEACH HOSPITALITY GROUP marketed on its brochures and/or in its hotel, GRAND BEACH HOTEL on behalf of the partnership Defendants, MB YACHTS, LLC, ARDALAN MEHR JOUEI, SUGRA BAGHIROVA, and XYZ DEFENDANT(S).

166.    At all times material, Defendants, MB YACHTS, LLC, ARDALAN MEHR JOUEI, SUGRA BAGHIROVA, XYZ DEFENDANT(S), and GRAND BEACH HOSPITALITY GROUP had joint proprietary interest in the subject matter of the venture *See Progress Rail Corp.,* 2005 U.S. Dist. LEXIS 37729 (M.D. Fla. 2005)("A joint proprietary interest generally requires joint ownership of the subject matter of the contract").

167.    At all times material hereto, Defendants, MB YACHTS, LLC, ARDALAN MEHR JOUEI, SUGRA BAGHIROVA, XYZ DEFENDANT(S), and GRAND BEACH HOSPITALITY GROUP had mutual control and/or joint control over the subject matter of the venture and the authority to bind one another with respect to the subject matter of the venture. *See Pinnacle Port Community Assoc., Inc.,* 872 F.2d 1536, 1540 (11th Cir. 1989). Joint control over the subject matter of the venture arises by virtue of the fact that:

a. Defendants, MB YACHTS, LLC, ARDALAN MEHR JOUEI, SUGRA BAGHIROVA, and XYZ DEFENDANT(S),were the agent(s), apparent agent(s) of Defendant, GRAND BEACH HOSPITALITY GROUP. *See Skeen v. Carnival Corp.,* 2009 U.S. Dist. LEXIS 393555 (S.D. Fla. 2009); and/or

b. Defendants, MB YACHTS, LLC, ARDALAN MEHR JOUEI, SUGRA BAGHIROVA, XYZ DEFENDANT(S), and GRAND BEACH HOSPITALITY GROUP had control over aspects of the joint venture.

c. Defendants, MB YACHTS, LLC, ARDALAN MEHR JOUEI, SUGRA BAGHIROVA, XYZ DEFENDANT(S), and GRAND BEACH HOSPITALITY GROUP had the authority to bind one another with respect to the subject matter of the venture.

168. Defendants, MB YACHTS, LLC, ARDALAN MEHR JOUEI, SUGRA BAGHIROVA, XYZ DEFENDANT(S), and GRAND BEACH HOSPITALITY are jointly and severally responsible for the negligence of each other's as partners of the partnership and/or joint venture.

169. As joint ventures, Defendants, MB YACHTS, LLC, ARDALAN MEHR JOUEI, SUGRA BAGHIROVA, XYZ DEFENDANT(S), and GRAND BEACH HOSPITALITY GROUP are liable for each other's negligence.

170. As a result of the negligence of Defendants, MB YACHTS, LLC, ARDALAN MEHR JOUEI, SUGRA BAGHIROVA, and XYZ DEFENDANT(S), for which Defendant, GRAND BEACH HOSPITALITY GROUP is responsible as a joint venture.

**WHEREFORE**, Plaintiff, DANIELYS HERNANDEZ demands judgment against Defendant, GRAND BEACH HOSPITALITY GROUP for actual and compensatory damages, prejudgment and post-judgment interest, and any further relief this Court deems just.

## DEMAND FOR TRIAL BY JURY

Plaintiff, DANIELYS HERNANDEZ demands a trial by jury of all issues so triable as a matter of right.

## COUNT XVIII: *IN REM* ACTION FOR MAINTEANCE AND CURE

171.    Plaintiff, HERNANDEZ, hereby files a lawsuit against *M/Y IRIS*, in accordance with Rule C of the Supplemental Admiralty and Maritime Rules, and further submits this Verified Complaint.

172.    At all times material hereto, Plaintiff, HERNANDEZ, sues the *M/Y IRIS*, Meridian Yacht Model 451 Sedan, her engines, tackle, rigging, dinghies, equipment, furniture, appurtenances, *etc. in rem.*

173.    On April 20, 2022, Plaintiff, HERNANDEZ, was ordered to secure the bow line to the dock's cleat in adverse weather conditions and while performing her duties, sustained severe physical injuries.

174.    On April 20, 2022, Plaintiff, HERNANDEZ reported the accident to the Captain of the vessel, who escorted Plaintiff, HERNANDEZ to the hospital, and who had observed that her fingers were severed and torn from her hand.

175.    As a result of the incident on the subject vessel, Plaintiff, HERNANDEZ suffered severe and permanent injury, necessitating multiple surgeries.

176.    Plaintiff, HERNANDEZ has had to endure multiple surgeries to amputate other digits and attempt to salvage other fingers injured in the accident.

177.    Defendants, MB YACHTS, LLC, ARDALAN MEHR JOUEI, SUGRA BAGHIROVA, and XYZ DEFENDANT(S) have failed to honor their respected full maintenance and cure obligations to Plaintiff, HERNANDEZ.

178.    Defendants, MB YACHTS, LLC, ARDALAN MEHR JOUEI, SUGRA BAGHIROVA, and XYZ DEFENDANT(S) have not honored **any** of its obligations to pay cure or make arrangements for Plaintiff, HERNANDEZ's needed medical care.

179.    The denials were capricious and arbitrary as Defendants, MB YACHTS, LLC, ARDALAN MEHR JOUEI, SUGRA BAGHIROVA, and XYZ DEFENDANT(S) have refused or failed to investigate Plaintiff's claims for medical care.

180.    Under the General Maritime Law and by operation of federal law, Plaintiff, HERNANDEZ, as a seaman, is entitled to recover maintenance and cure from Defendants, until she is declared to have reached maximum possible cure.

181.    Further, Defendants unreasonably failed to pay or provide Plaintiff with maintenance and cure benefits, which aggravated her condition and caused Plaintiff to suffer additional compensatory damages, including but not limited to the aggravation of Plaintiff's physical condition, disability, pain and suffering, reasonable fear of developing future physical and medical problems, mental anguish, loss of enjoyment of life, feelings of economic insecurity, as well as lost earnings or earning capacity, and medical and hospital expenses in the past and into the future.

182.    "The duty of a shipowner to pay a seaman's maintenance and cure has been viewed as creating a maritime lien of the highest priority." *Thorsteinsson v. M/V Drangur*, 891 F.2d 1547, 1551 (11th Cir. 1990) (citations omitted).

183.    "A maritime lien attaches and is perfected by operation of law when the claim arises." *Craddock v. M/Y The Golden Rule*, 110 F. Supp. 3d 1267, 1276 (S.D. Fla. 2015) (citations omitted).

184.    The lien attaches to the maritime property until it is either extinguished by operation of law or executed via the *in rem* legal process available in admiralty. *Id.*

**WHEREFORE**, Plaintiff prays as follows:

a.  That all persons claiming any interest in the *M/Y IRIS* may be cited to appear and answer the matters set forth herein that said vessel may be condemned and sold to pay the demands aforesaid and to pay any other amounts determined to be owed to Plaintiff;

b.  That the Maritime Lien for Plaintiff's unpaid maintenance and cure be declared to be a valid and subsisting lien against the vessel *M/Y IRIS*, superior to the interest, liens or claims of any and all persons, firms or corporations whatsoever, except such persons, firms or corporations as have preferred maritime liens over said vessel;

c.  That all persons, firms and corporations claiming any interest in said vessel are forever barred and foreclosed of all right or equity of redemption or claim of, in, or to said liened vessel;

d.  That judgment be entered for Plaintiff, HERNANDEZ against the Defendant, *M/Y IRIS*, for Plaintiff's unpaid maintenance and cure, plus reasonable attorney's fees, interest, costs, and any other damages which may be recoverable by law;

e.  That the vessel *M/Y IRIS* be condemned and sold to pay the demands aforesaid, together with all interest, costs, fees and expenses;

f.  That Plaintiff, HERNANDEZ be authorized to credit bid all or part of his judgment at any Court ordered sale of the vessel in lieu of cash;

g.  That the proceeds of the sale of the subject vessel be disbursed and applied to pay the outstanding amounts due to Plaintiff; and,

h.  That Plaintiff be awarded any other and further relief as this Court deems just and proper.

Dated: July 12, 2022

Respectfully submitted,

*/s/ Alejandro J. Gonzalez*
GONZALEZ  P.A.
Alejandro J. Gonzalez, ESQ.
FL Bar #015293
19 South Krome Ave
Homestead, FL 33030
Telephone: (786)429-1511
alex@agonzalezlaw.com
info@agonzalezlaw.com
Attorney for the Plaintiff